UNITED STATES DISTRICT COURT
DISTRICT OF NEWARK NEW JERSEY

Charles Ihediohanma
1574 Leslie Street
Hillside, NJ 07205

    *Plaintiff*

V.

Santander Consumer USA, Inc.
8585 N. Stemmons Freeway 1100N
Dallas, TX 75247

    *Defendant*

RECEIVED
JAN 2 8 2014
AT 8:30_____M
WILLIAM T. WALSH, CLERK

Civil No.:
Date:

Courtroom:

---

## Complaint

---

COMES NOW the Plaintiff, Charles Ihediohanma, Pro se, and for his complaint against the Defendant, alleges as follows:

### I. Preliminary Statement

This is an action for damages brought by an individual consumer for Defendant's Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e (11), and 15 U.S.C. § 1692a (1), (FDCPA); the Federal Telephone Consumer Protection Act (TCPA)(47 U.S.C. § 227) (b)(1)(A); and the New Jersey Fair Debt Collection Practices Act (NJFDCPA), P.L.1960, c.39 (C.56:8-1 et seq.), New Jersey Stat. Ann. § 56:8-2, § 56:8-19.

### II. Jurisdiction and Venue

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, 28 U.S.C. § 1331and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C.§ 1367 and 28 U.S.C. § 1391(a)(2). Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

### III. Parties

2. Plaintiff, Charles Ihediohanma ("Ihediohanma"), is a natural person residing at 1574 Leslie Street, Hillside, NJ 07205.

3. Ihediohanma is a "consumer" as defined by 15 U.S.C. §1692a(3).

4. Defendant Santander Consumer USA, Inc., ("Santander") is a corporation engaged in the business of collecting debts in New Jersey, with its principal place of business located at 8585 N. Stemmons Freeway 1100N, Dallas, TX 75247. Santander does not have a listed registered service agent in New Jersey.

5. Santander is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. Factual Allegations

6. On June 2, 2009, Santander began collecting on Ihediohanma's auto vehicle loan, which was previously serviced by Sovereign Bank.

7. Santander, has, since that time, repeatedly claimed that Ihediohanma missed one or two monthly payments.

8. On or about January 2013, Santander made another claim that Ihediohanma owed two monthly payments for December 2012 and January 2013. Ihediohanma made one monthly payment which was the past due payment for December 2012. The January 2013 payment was not met at that time because it was not outstanding as of January 2013. On or about, January 25, 2013, Santander repossessed the vehicle as a result of the January payment which was less than thirty days past due. Santander never sent a letter after repossession to allow Plaintiff opportunity to cure or reclaim vehicle, which was a violation under New Jersey's Consumer Protection Fraud Act.

9. Ihediohanma filed a police report with the Hillside Police Department thinking the vehicle was stolen. The Hillside police Department contacted Ihediohanma three months later confirming the vehicle was not stolen but repossessed by Santander. Again, Santander never sent any letters to cure after the repossession.

10. During the 4+ years Santander has been collecting on Ihediohnma's account (2009 - 2013, Santander has made 3-5 prerecorded collection calls to Ihediohanma's cellular telephone; each day, without his consent, without a

prior written authorization and without leaving a mini-miranda. These collection calls were made from various telephone numbers and were made using an automatic telephone dialing system that delivered messages containing pre-recorded voice messages.

11. Santander has contacted third parties, such as Ihediohanma's place of business and spoke with various employees of Ihediohanma in an attempt to collect the alleged debt, without Ihediohanma's consent. Santander has also contacted Ihediohanma's home telephone number without his consent and spoke with Ihediohanma's fiancée, Quarkema Robinson, in an attempt to collect the alleged debt.

12. When Ihediohanma asked Santander how they got access to the number to his place of business and why were they calling his place of business, Santander's response was they knew how to reach Ihediohanma at any time and that they had all of his information. However, the monthly statements that were sent to Ihediohnama's home address clearly stated under the "account alerts" section, that they had no records of a valid home number and/or valid work number which clearly is a contradiction of their actions resulting in the numerous daily calls made from Santander.

13. Ihediohanma informed Santander from the time the phone calls originated in July 2009, that they were not authorized to call him and Ihediohanma informed Santander to stop the phone calls. Although Ihediohanma asked Santander to stop the phone calls, Santander continued to call against Ihediohanma's request. On January 4, 2012, Ihediohanma sent a debt validation letter to Santander, which included a written request to stop calling any telephone numbers, listed. Santander continued the phone calls after they received a written request from Ihediohanma asking them to stop the phone calls. Although Santander sent a cease and desist letter on April 17, 2012, as a result of Ihediohanma's written request, Santander continued to make daily phone calls to Ihediohanma's cellular phone for the alleged debt.

### V. First Claim for Relief
(Multiple violations of FDCPA: 15 U.S.C. § 1692)

14. Plaintiff realleges paragraphs 1-13 above.

15. 15 U.S.C. § 1692c(b) provides, in relevant part, that:

   [A] debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the creditor.

16. Santander contacted Ihediohanma's place of business and fiancée at his home

number. Each such communication was a violation of 15 U.S.C. § 1692c(b).

17. 15 U.S.C. § 1692 e (11) provides, in relevant part, that:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

18. During the 4+ years Santander has been collecting on Ihediohnma's account, Santander has made 3-5 prerecorded collection calls to Ihediohanma's cellular telephone; each day, without his consent, without a prior written authorization and without leaving a mini-miranda. Each such communication was a violation of 15 U.S.C. § 1692 e (11)

19. By Defendants' conduct described above, Defendant conducted approximately 3000 – 5000 violations of 15 U.S.C. § 1692 e (11) against Plaintiff.

20. 15 U.S.C. § 1692 c (c)(1) provides, in relevant part, that:

> Ceasing communication If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except –
>
> to advise the consumer that the debt collector's further efforts are being terminated;

21. Santander sent a cease and desist letter on April 17, 2012, as a result of Ihediohanma's written request for the phone calls to stop. However, Santander continued the phone call to Ihediohanma even after sending the cease and desist letter.

### VI. Second Claim for relief
New Jersey Stat. Ann. § 56:8-2

22. Plaintiff realleges paragraphs 1-13 above.

23. New Jersey Stat. Ann. § 56:8-2 provides, in relevant part, that:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or

the knowing, concealment suppression, or omission of any material fact, with intent that others rely upon such concealment, suppression or omission, a connection with a sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been mislead, deceived or damaged thereby, is declared to be an unlawful practice.

23. As explained above in Paragraph's 1-13, Santander's actions violated New Jersey Stat. Ann. § 56:8-2.

24. As a result of the Defendant's illegal conduct, Ihediohanma has suffered emotional distress and mental anguish.

25. Santander is liable to Ihediohanma for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees.

### VII. Third Claim for Relief
(Violations of Federal Telephone Consumer Protection Act: 47 U.S.C. 227)

26. Plaintiff reallages paragraphs 1-13, above.

27. 47 U.S.C. § 227(b) provides, in relevant part:

    (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

28. Santander repeatedly violated 42 U.S.C. § 227(b) by attempting to collect a debt from Ihediohanma using robocalls placed to Ihediohanma's cellular telephone. By Defendants' conduct described here, Defendant conducted approximately 3000 – 5000 violations against Plaintiff between 2009 – 2013.

47 U.S.C. § 227(b)(3) provides:

> PRIVATE RIGHT OF ACTION.—A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an

appropriate court of that State—(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive **$500 in damages for each such violation**, whichever is greater or (C) both such actions. If the court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. (emphasis added)

30. Ihediohanma seeks $500 in damages, trebled to $1,500 if the evidence shows that Prime Acceptance willfully or knowingly placed the robocalls in violation of this law, for each Santander robocall made to him. Ihediohanma also seeks an injunction prohibiting any future such robocalls placed to him cellular telephone.

28. Plaintiff repeats
WHERFORE, Plaintiff respectfully prays that judgment be entered against Santander for the following:

A. Declaratory judgment that Santander's conduct violated the FDCPA, and declaratory and injunctive relief for TelCollect's violations of the state Act;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Statutory damages pursuant to NJ Stat. Ann. § 56:8-19.

E. Emotional distress damages pursuant to NJ Stat. Ann. § 56:8-19.

F. Costs and reasonable attorney's fees pursuant to NJ Stat. Ann. § 56:8-19.

G. If the evidence supports such a finding at trial, punitive damages;

H. For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all causes of action.

Dated this 27th day of January, 2014.

By: Charles Ihediohanma
1574 Leslie Street, Apt 2L
Hillside, New Jersey 07205
Phone: 973-923-4468

*Pro Se*